UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 09 CR 0001-3 |
| v. | ) | |
| | ) | Hon. William J. Hibbler |
| MATTHEW CASEY | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, submits this Sentencing Memorandum. For the reasons set forth below, the government respectfully requests this Court sentence the defendant to a term of imprisonment within the guidelines range of 46 to 57 months, a sentence well-supported by the factors to be considered under 18 U.S.C. § 3553(a).

**I.  The Probation Officer's Guideline Calculations Are Correct.**

The November 2009 edition of the U.S. Sentencing Guidelines manual applies in this case. The government agrees with the probation officer's calculation under Guidelines §§ 2B3.1(a) and 3D1.2(b), as follows:

    20   Base Offense Level (§2B3.1(a))
    +2   Specific Offense Level (§2B3.1(b)(1))
    -2   Adjustment for Acceptance of Responsibility (§3E1.1(a))
    -1   Timely Notification of Intention to Plea (§3E1.1(b))
    **19   Total Offense Level**

The defendant has seven criminal history points, resulting in a criminal history category of IV. Therefore, defendant's advisory guideline range is 46 to 57 months.

**II.  The Factors Set Forth In 18 U.S.C. § 3553(a) Warrant a Within-Range Sentence.**

In the PSR, the Probation Officer noted that she had not identified any factors under 18

U.S.C. § 3553(a) that might warrant a sentence outside the advisory guideline range. PSR at 19. And, in fact, several § 3553(a) factors in particular make clear that a sentence within the guidelines range of 46 to 57 months is sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. § 3553(a).

    A.    <u>History and Characteristics of the Defendant</u>.

While the defendant's history and characteristics are detailed in the PSR, a few facts are particularly noteworthy in analyzing this factor. First, despite the defendant's young age (21), his criminal history is extensive and reflects the activities of someone who has little regard for the law. In addition to those convictions that count toward the defendant's criminal history points, the defendant has a string of juvenile and adult arrests – 11 arrests, in fact – obtained for engaging a variety of activities, including for criminal sexual abuse, battery, and various ordinance violations. Yet, despite these brushes with the law, the defendant has continued to engage in criminal conduct, including engaging in daily use of illegal narcotics (not to mention the bank robbery for which he is being sentenced here). PSR at 15.

The defendant's background and history make clear the fact that arrests and shorter prison sentences have not done enough to end the defendant's criminal ways. Because the defendant's past brushes with the law have done nothing to deter him so far, the government submits that a within-range sentence is appropriate.

    B.    <u>The Need for a Within-Range Sentence</u>.

To reflect the seriousness of the offense, promote respect for the law, and provide just punishment, this Court should impose a sentence within the guidelines range. The defendant participated in a bank robbery, which was undoubtedly traumatic for the tellers that were victims

of his crime. Moreover, bank robbery is a violent and serious crime; the defendant's sentence should reflect as much. And the defendant, to-date, has show little respect for the law. A within-range sentence is needed in this case.

      C.      <u>Need to Avoid Unwarranted Sentence Disparities</u>.

Section 3553(a) requires the court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing. In order to determine the "particular" sentence to impose, the court must consider the familiar statutory factors listed in § 3553(a)(1)-(7). One of those factors is the advisory range set by the Sentencing Guidelines, and another is the Commission's policy statements. 18 U.S.C. § 3553(a)(4), (a)(5). Although the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 50 (7th Cir. 2007). For two reasons, this Court should give serious consideration to the advisory Guidelines range.

First, the Sentencing Guidelines are the sole factor in § 3553(a) that provides any objective sentencing range that can practically promote the overall goal of minimizing unwarranted sentencing disparities, which is itself a statutorily mandated factor, § 3553(a)(6). *See United States v. Myktiuk*, 415 F.3d 606, 608 (7th Cir.2005) ("The Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country."); *see also Booker v. United States*, 543 U.S. 220, 250 (2005) ("Congress' basic statutory goal – a system that diminishes sentencing disparity"); *id.* at 253 ("Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity"); *id.* at 267 (rejecting other remedial alternatives because they were inconsistent with the "basic objective of promoting uniformity in

3

sentencing"). The Supreme Court created the advisory system to "continue to move sentencing in Congress' preferred direction, helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individual sentences where necessary." *Booker*, 543 U.S. at 264-265. The only way to prevent widespread unwarranted disparities is to give serious consideration to the Guidelines.

Second, the Guidelines generally deserve serious consideration because they are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 552 U.S. at 46. It is true that there is no "presumption" that a Guidelines sentence is the "correct" sentence, *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007), and that there is "broad" sentencing discretion post-*Booker*. *United States v. Demaree*, 459 F.3d 791, 794-795 (7th Cir. 2006). The Commission, however, is "a respected public body with access to the best knowledge and practices of penology; its judgments should not lightly be disregarded." *United States v. Wachowiak*, 496 F.3d 744, 753 (7th Cir. 2007) (internal quotation and citation omitted). Furthermore, the Commission is charged by statute to periodically review and revise the Guidelines as the Commission collects comments and data from numerous sources in the criminal justice system, 28 U.S.C. § 994(o), and these ongoing efforts to refine the Guidelines are another reason to seriously consider the advisory range.

The best way to avoid unwarranted sentencing disparities is to sentence defendant within the guidelines that apply specifically to the facts of his case.

**III.    Conclusion**

The government seeks a sentence within the advisory guidelines range of 46 to 57 months. Such a sentence would reflect the seriousness of the offense, promote respect for the law, and

provide just punishment for the offense as set forth in § 3553(a)(2)(A). The defendant's criminal history tells a story of one who has little respect for the law. A below-guidelines sentence would fail to serve the aims of § 3553. For all of the foregoing reasons, the government respectfully requests this Court to sentence the defendant to a term of imprisonment within the advisory guidelines range of 46 to 57 months.

Dated: January 5, 2010                        Respectfully submitted,

                                                     PATRICK J. FITZGERALD
                                                     United States Attorney

By:     /s/ Erika L. Csicsila
         ERIKA L. CSICSILA
         Assistant United States Attorney
         United States Attorney's Office
         219 South Dearborn Street
         Chicago, Illinois 60604
         (312) 353-5370
         erika.csicsila@usdoj.gov

**CERTIFICATE OF SERVICE**

      The undersigned Assistant United States Attorney hereby certifies that, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5 and the General Order on Electric Case Filing (ECF), the Government's Sentencing Memorandum was served on Robert Clarke, pursuant to the district court's ECF system, on January 5, 2010.

                                                By:  /s/ Erika L. Csicsila
                                                     ERIKA L. CSICSILA
                                                     Assistant United States Attorney
                                                     U.S. Attorney's Office
                                                     219 S. Dearborn Street
                                                     Chicago, Illinois 60604
                                                     (312) 353-5370
                                                     erika.csicsila@usdoj.gov